IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 3 2011

David J. Bradley, Clerk of Court

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Petitioner, | ) |
| v. | ) |
| STAR PIPE PRODUCTS, LTD., | ) |
| Respondent. | ) |

Misc. No.

**11-399**

**MEMORANDUM IN SUPPORT OF PETITION OF THE
FEDERAL TRADE COMMISSION FOR AN ORDER TO ENFORCE
A SUBPOENA *DUCES TECUM***

Petitioner, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 9 of

the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 49, petitions this Court for an Order

requiring Respondent, Star Pipe Products, Ltd. ("Star"), to comply with a subpoena *duces tecum*

("subpoena"). The subpoena was issued in the course of a non-public investigation concerning

possible violations by Star of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 7 of the Clayton

Act, 15 U.S.C. § 18, through anticompetitive behavior or potentially anticompetitive behavior relating

to the distribution, pricing, or sale of cast iron soil pipe or cast iron soil pipe fittings ("CISP"). Star's

failure to respond sufficiently to the subpoena greatly impedes the Commission's ongoing investigation.

This proceeding is properly instituted by a petition and order to show cause (rather than by

complaint and summons) and is summary in nature; discovery or evidentiary hearings may be granted

only upon a showing of exceptional circumstances. *See, e.g., Burlington Northern Railroad Co. v.

Office of the Inspector General, Railroad Retirement Bd.*, 983 F.2d 631, 637 (5th Cir. 1993); *In re

E.E.O.C.*, 709 F.2d 392, 400 (5th Cir. 1983) (citing *United States v. Litton Industries, Inc.*, 462 F.2d 14,

17 (9th Cir. 1972)); *see also FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *United States v. Markwood*, 48 F.3d 969, 981-82 (6th Cir. 1995). Because the subpoena was lawfully issued, the information and documents sought are relevant to the Commission's investigation, responding to the subpoena would not unduly burden Star, and Star has not exhausted its administrative remedies, the Court should (1) order Star to show cause why it should not fully comply, and (2) thereafter enforce the subpoena. *See, e.g., United States v. Phoenix Petroleum Co.*, 571 F. Supp. 16, 21 (S.D. Tex. 1982).

## JURISDICTION

The Commission is an administrative agency of the United States, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq*. The Commission is authorized by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. The Commission is authorized by Section 11 of the Clayton Act, 15 U.S.C. § 21, to enforce Section 7 of that Act, 15 U.S.C. § 18.

The authority of the Commission to issue a subpoena, and the jurisdiction and venue of this Court to enter an order enforcing it, are conferred by Section 9 of the FTC Act, 15 U.S.C. § 49, which empowers the Commission to issue subpoenas to compel, *inter alia*, the production of documentary evidence. Section 9 further authorizes the Commission to invoke the aid of the district courts to enforce a subpoena in the jurisdiction any "of which such inquiry is carried on . . . ." 15 U.S.C. § 49. Section 16 of the FTC Act authorizes the Commission to seek enforcement of a subpoena in its own name using its own counsel. 15 U.S.C. § 56(a)(2)(D).

In this case, venue and jurisdiction are proper under Section 9 because Star's headquarters are in Houston, Texas, and thus this district is a jurisdiction within which the FTC's inquiry is carried on.

2

Pet. Exh. 1, ¶ 4;[1] *FTC v. MacArthur*, 532 F.2d 1135, 1140 (7th Cir. 1976); *NLRB v. Cooper Tire & Rubber Co.*, 438 F.3d 1198, 1202 (D.C. Cir. 2006).

## STATEMENT OF FACTS

Star Pipe Products, Ltd., is a manufacturer and supplier of iron products that maintains its principal place of business at 4018 Westhollow Parkway, Houston, Texas 77082.  Pet. Exh. 1, ¶ 4.  In the ongoing investigation, the Commission seeks to determine if Star has engaged in anticompetitive conduct relating to distribution, pricing, or sale of CISP.  Pet. Exh. 1, ¶ 5.

On June 28, 2011, the Commission served Star with the subpoena that is the subject of this proceeding.  Pet. Exh. 1, ¶ 6.  The instant subpoena was issued pursuant to the authority of a Commission resolution dated May 12, 2011.  Pet. Exh. 1, ¶ 5; Pet. Exh. 2.  The resolution directed that compulsory process be used to investigate

> whether . . . Star Pipe Products . . . [has] engaged in or [is] engaging in unfair methods of competition in or affecting commerce in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended, or Section 7 of the Clayton Act, 15 U.S.C. § 18, as amended, by entering into or engaging in any anticompetitive policy, agreement or program relating to the distribution, pricing or sale of cast iron soil pipe or cast iron soil pipe fittings.

Pet. Exh. 1, ¶ 5; Pet. Exh. 2.  The subpoena seeks documents relating to (1) Star's operations, sales, and pricing for CISP; (2) competition in the CISP market, including Star's competitors' sales, marketing, and manufacturing capacities; (3) communications with competitors and industry associations in the CISP market; (4) allegations, investigations, lawsuits or other proceedings against Star's competitors for potential antitrust violations in connection with CISP; (5) Star's document retention and destruction polices; and (6) any transactions involving competitor's CISP operations.  Pet. Exh. 2.  The return date for the responses to the subpoena was July 17, 2011.  Pet. Exh 1, ¶ 6; Pet. Exh. 2.

---

[1]     Exhibits to the Commission's Petition are referred to as "Pet. Exh."

Though Star had available to it administrative relief in the form of a petition to quash or limit the subpoena, *see* 16 C.F.R. § 2.7(d)(1), Star did not file such a petition and or seek any extension of the deadline for filing such a petition.  Pet. Exh. 1, ¶¶ 7-8.

At Star's request, this return date was extended to July 31, 2011, conditioned on Star commencing a rolling production of documents in response to Specification and with the expectation that Star would propose a schedule for production in response to the remaining specifications.  Pet. Exh. 1, ¶¶ 9-11; Pet. Exhs. 3, 4.

Nonetheless, Star has produced only a limited and incomplete amount of information, and has failed to comply with nine of the thirteen specifications in the subpoena.  Pet. Exh. 1, ¶ 12.  Despite negotiations going back to July 26, 2011, Star has not committed to a schedule for curing its noncompliance and producing the documents called for by the remaining specifications in the subpoena.  Pet. Exh. 1, ¶ 11; Pet Exhs. 6, 7.  Instead, Star has made proposals that are facially insufficient for compliance, while at the same time offering claims of burden that are unsupported and untimely.  Pet. Exh. 1, ¶ 11; Pet Exhs. 6, 7.

## ARGUMENT

I.   **THE SCOPE OF ISSUES CONSIDERED IN PROCEEDINGS TO ENFORCE COMPULSORY PROCESS IS NARROW.**

Although "the court's function is 'neither minor nor ministerial,' the scope of issues which may be litigated in [a compulsory process] enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977) (*en banc*) (internal citation omitted); *Winters Ranch P'ship v. Viadero*, 123 F.3d 327, 329 (5th Cir. 1997).   This Court's role in a subpoena enforcement proceeding is thus limited to determining whether the Commission demonstrates that: (1) the subpoena

4

was within the statutory authority of the agency; (2) the information sought is reasonably relevant to the inquiry; and (3) the demand is not unreasonably broad or burdensome. *Burlington Northern*, 983 F.2d at 637-38 & n.2 (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208-09 (1946)); *accord Winters Ranch P'ship*, 123 F.3d at 329.

The government's burden to demonstrate that these requirements have been satisfied requires only a "minimal showing" and can be demonstrated by an affidavit of an investigating agent. *In re E.E.O.C.*, 709 F.2d at 400; *United States v. Cox*, 73 F. Supp. 2d 751, 758 (S.D. Tex. 1999). Here, as set forth in the accompanying declaration of Christopher G. Renner, Pet. Exh. 1, the Commission has readily demonstrated that the requirements for enforcement are satisfied.

## II.     THE SUBPOENA SHOULD BE ENFORCED.

### A.      The Subpoena Was Issued Pursuant to Lawful Authority.

The Commission's authority to issue the subpoena is clear. *See* 15 U.S.C. §§ 43, 45, 49.  Also without doubt is the Commission's authority to investigate acts and practices that may violate Section 5(a) of the FTC Act and Section 7 of the Clayton Act. *See FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1089-90 (D.C. Cir. 1992); *FTC v. Ken Roberts Co.*, 276 F.3d 583, 586-87 (D.C. Cir. 2001); *Carter*, 636 F.2d at 787-88. The Commission's authority to issue the subpoena and investigate acts or practices that may violate the FTC Act is provided by 15 U.S.C. § 45, which authorizes the Commission to target "[u]nfair methods of competition in or affecting commerce . . . ." 15 U.S.C. § 45(a)(1). In turn, Section 11 of the Clayton Act, 15 U.S.C. § 21, authorizes the Commission to enforce Section 7 of that Act, among others.

Moreover, the subpoena was issued for a lawful purpose. The purpose of an FTC investigation is defined by the compulsory process resolution that authorizes the subpoena. *Invention Submission*

5

*Corp.*, 965 F.2d at 1087-88; *Texaco*, 555 F.2d at 874; *Phoenix Petroleum*, 571 F. Supp. at 21. The purpose of this investigation, as defined by the supporting compulsory process resolution, is to determine: "whether . . . Star Pipe Products . . . [has] engaged or [is] engaging in unfair methods of competition in or affecting commerce . . . by entering into or engaging in any anticompetitive policy, agreement or program relating to the distribution, pricing, or sale of cast iron soil pipe or cast iron soil pipe fittings." Pet. Exh. 2. This is a lawful purpose because Congress has explicitly authorized the FTC to prevent such anticompetitive conduct in the FTC Act and the Clayton Act. Nor can there be an argument that the resolution is invalid. The resolution was issued on May 12, 2011 and remains in effect. Pet. Exh. 2. Thus, the resolution provides a lawful and valid purpose for the subpoena.

Finally, the subpoena was issued pursuant to lawful authority because it was issued consistent with FTC regulations and procedures. It was issued pursuant to a valid Commission resolution authorizing the issuance of compulsory process to investigate possible violations of Section 5 of the FTC Act or Section 7 of the Clayton Act. Pet. Exh. 2. The subpoena was signed by a Commissioner and was served by the Commission's Secretary, as provided in the Commission's Rules. *See* Pet. Exh. 2; 16 C.F.R. § 2.7. The procedural requirements for the subpoena were therefore followed.

### B.  The Subpoena Seeks Information That is Reasonably Relevant to the Commission's Investigation.

The subpoena in this case is designed to determine whether Star is engaged in anticompetitive behavior with respect to a specific product market: the market for cast iron soil pipe and cast iron soil pipe fittings. Pet. Exh. 1, ¶¶ 1, 5; Pet. Exh. 2. The subpoena's specifications call for documents relating to Star's operations involving CISP, Star's competitor's operations involving CISP, communications among entities involved in the CISP market, investigations, lawsuits or other proceedings for antitrust violations involving CISP, Star's document management polices, and

transactions between Star and its competitors involving CISP.  Pet. Exh. 2.  To this end, every

specification in the subpoena relates to the FTC's investigation of these products, the market, and

Star's competitors and other organizations participating in the market.[2]

Plainly, the information sought by the subpoena is reasonably relevant to the Commission's

investigation, as it is designed to assist the Commission in ascertaining whether "the law is being

violated in some way and . . . to determine whether or not to file a complaint."  *Invention Submission*

*Corp.*, 965 F.2d at 1090; *see also Sunshine Gas Co. v. Dept. of Energy*, 524 F. Supp. 834, 838 (N.D.

Tex. 1981) (finding that requested information was reasonably relevant if the agency could provide a

"rational basis.").  As set forth in the accompanying declaration of the Commission's attorney, Mr.

Renner, the Commission, through document requests, seeks to ascertain whether or not Star is engaging

in anticompetitive behavior relating to the distribution, pricing, or sale of cast iron soil pipes and pipe

fittings.  Pet. Exh. 1, ¶ 5; Pet. Exh. 2.  The requests in the subpoena bear a rational basis to this purpose

and are thus "reasonably relevant to the inquiry . . . ."  *Burlington Northern*, 983 F.2d at 638.

### C.    The Demand is not Unreasonably Broad or Burdensome.

The subpoena contains 13 specifications for documents;[3] including subparts, the subpoena

contains twenty-four requests for the production of documents.  Pet. Exh. 2.  The information sought

concerns Star's business, the manufacture, distribution, and sale of cast iron soil pipe and pipe fittings,

---

[2]  Specification 13 asks for information about Star's document retention and destruction
policies.  This specification enables the Commission to understand Star's compliance with the
subpoena and thus is reasonably relevant to the Commission's investigation even though it does
not relate directly to cast iron soil pipes or pipe fittings.

[3]  Though the subpoena includes 14 numbered specifications, specification 8 was
intentionally omitted in order to keep this subpoena consistent in structure with subpoenas issued
to other targets in this inquiry.  The information requested by specification 8 is not at issue in the
investigation of Star and thus was omitted.  This shows that staff has sought to tailor this
subpoena to avoid information that is irrelevant or not necessary to the investigation of Star.

and Star's relationships with its competitors.  These demands are clearly stated and are not unreasonable.  For example, specifications 2 and 3 ask Star to produce those documents that are "sufficient to show" the subject of the request.  Pet. Exh. 2.  A subpoena only becomes unreasonably burdensome when it "threatens to unduly disrupt or seriously hinder normal operations of a business." *FTC v. Jim Walter Corp.*, 651 F.2d 251, 258 (5th Cir. 1981) (quoting *FTC v. Rockefeller*, 591 F.2d 182, 190 (2d Cir. 1979), and *Texaco*, 555 F.2d at 882), *abrogated on other grounds*, *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).

Though Star has stated the subpoena presents a "burden," this conclusory statement is not sufficient to prevent enforcement of the subpoena.  Some burden on the subpoenaed party is "to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *Texaco*, 555 F.2d at 882.  Moreover, Star has not supported this claim of undue burden in any way.  *See Jim Walter*, 651 F.2d at 258 (internal citations, quotations omitted).

Even if Star objected to the Subpoena as unreasonable or burdensome, these objections could not properly be presented to the Court in the instant proceeding because its opportunity to seek administrative relief from the Commission – a predicate to seeking judicial relief – has passed. "Generally, one who has neglected the exhaustion of available administrative remedies may not seek judicial relief." *E.E.O.C. v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063 (5th Cir. 1979) (applying exhaustion doctrine to administrative subpoena enforcement action); *see also N.L.R.B. v. Baywatch Security & Investigations*, No. Civ.A. H-04-220, 2005 WL 1155109, at *2 (S.D. Tex. Apr. 28, 2005). Star had an available administrative remedy in the form of a petition to quash, but failed to file within the period prescribed by Commission rules.  Pet. Exh. 1, ¶¶ 7-8; Commission Rule 2.7(d)(1), 16 C.F.R. § 2.7(d)(1) (petitions to quash or limit subpoena "shall be filed with the Secretary of the Commission within twenty (20) days after service of the subpoena . . ., or, if the return date is less than twenty (20)

8

days after service, prior to the return date."). By failing to raise any objections to the subpoena or claims of burden to the Commission, Star has forfeited its right to judicial review of these claims.

For these reasons, the Court should find that the subpoena is not unduly burdensome or overly broad.

## CONCLUSION

For the foregoing reasons, this Court should enter an order requiring Star, within ten calendar days of the entry of this Court's order compelling compliance, to provide complete responses to the subpoena's document requests, and a sworn certificate of compliance in the form provided in Pet. Exh. 2.

                                        Respectfully submitted,


                                        WILLARD K. TOM
                                        General Counsel

                                        JOHN F. DALY
                                        Deputy General Counsel for Litigation

                                        LESLIE RICE MELMAN
                                        Assistant General Counsel for Litigation


                                        BURKE W. KAPPLER
                                        Attorney-in-charge
                                        D.C. Bar No. 471936[4]
                                        Federal Trade Commission
                                        600 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20580
                                        Telephone:  (202) 326-3677
                                        Facsimile:  (202) 326-2477

---

[4] A motion for pro hac vice admission to the bar of the Southern District of Texas will be filed following the docketing of this petition.

9

Email: bkappler@ftc.gov

LOCAL COUNSEL:

KEITH E. WYATT
Texas Bar No. 22092900
Federal Bar No. 3480
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
919 Milam Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Telephone:  (713) 567-9713
Facsimile:  (713) 718-3303
E-mail: keith.wyatt@usdoj.gov

Attorneys for Petitioner Federal Trade Commission

10